[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The instant action is brought by the State of Connecticut against Ms. Yolanda Ortega, the mother of a minor child, Annette plaintiff, Ms. Marilyn Robertson, is the mother of Annette V.s' current boyfriend." Some background facts would be illuminating.
Ms. Yolanda Ortega was attempting to exercise some control over her minor daughter, Annette V. As the minor daughter already had an illegitimate child by another male, the defendant did not want her daughter to repeat the same mistake. The daughter objected to her mother's attempt to control her and eventually moved out of her mother's home. Annette V, with her illegitimate child moved into Ms. Robertson's home. As stated above, Ms. Robertson is the mother of Annette Vs' current "boyfriend." Ms. Robertson than applied for and has received AFDC benefits for Annette V. See the Verified Statement of Facts dated February 7, 1997 as on file.
There are several initial queries which must be answered prior to the undersigned's finding that Ms. Yolanda Ortega is liable to repay the State of Connecticut for the outlay of AFDC benefits or any other type of state aid. On what basis does Ms. Robertson apply for and receive state aid for the support of Annette V.? On what basis does the State of Connecticut argue that Ms. Yolanda Ortega is liable to repay the State of Connecticut for benefits that the state gives to Ms. Marilyn Robertson?
For the purposes of this decision, the undersigned would concede that under the statutes and regulations adopted, Ms. Robertson may receive state aid for the benefit and support of Annette However, a problem arises when the State of Connecticut seeks to have Ms. Yolanda Ortega become responsible to reimburse the state for these benefits. CT Page 9921
Ms. Ortega is obligated to support her daughter, Annette. Ms. Robertson is not under any obligation to support Annette V. Ms. Robertson has not been awarded custody of Annette V. Ms. Ortega is under no obligation to pay child support to Ms. Robertson. The State of Connecticut obtains the right of reimbursement from a legally liable relative or caretaker only after such a person assigns their rights to child support to the state. The relevant statute states in part that "By such application [for state aid], the applicant shall assign to the commissioner the right of support, present, past and future due all persons seeking assistance. . . ."(Emphasis added) Conn. Gen. Stat. § 17b-77.
As Ms. Ortega has no obligation to pay Ms. Robertson child support, Ms. Robertson cannot assign what she does not possess, i.e. a right of child support from Ms. Ortega. Ms. Ortega, therefore, has no duty to reimburse the State of Connecticut.
The petition for support filed against Ms. Yolanda Ortega is, dismissed.
Ronald M. Sullivan Family Support Magistrate